UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
MARIA MARGHERITA PERACCHINO
and MEDIAPRESS S.R.L.,

                        Plaintiffs,          07 Civ. 3257 (LTS)

    -against-

VINCENZO MARRA and
JOHN DOE COMPANY,

                        Defendants.
-------------------------------------------------------X

### AFFIDAVIT OF GIOVANNI CANE

Pursuant to U.S.C. 28 § 1746, Giovanni Cane declares as follows:

1.     I am an attorney admitted to practice before the Courts of the Republic of Italy and a partner of the law firm of Giovanni Cane. I make this affidavit in support of Plaintiffs' opposition to Defendants' motion to dismiss the complaint. The information contained herein is within my personal knowledge; I will be competent to testify at trial in connection with the information contained herein.

2.     I have been an attorney in good standing in Italy since 1996. I have handled approximately 30 cases with facts and/or legal issues similar, if not identical, to the ones in the present litigation.

3.     Under article 3 of Law 218/1995 which governs international litigation, Italian Courts have jurisdiction over a case when the defendant is domiciled or resident of the Republic of Italy. This provision was confirmed on numerous occasions by the Italian Courts, including the *Suprema Corte di Cassazione* (the highest Court in Italy; the equivalent of the U.S. Supreme Court). See decision of *Cassazione civile, Sez. Un.*, November 29, 2006, n. 25275.

4. In the instant case, since Defendants are not domiciled or resident of Italy, Italian Courts would lack jurisdiction. The fact that defendant Vincenzo Marra indicated that he would submit to the jurisdiction of the Italian Courts after the instant action was commenced in New York is irrelevant for jurisdictional purposes since jurisdiction must exist at the time the action is commenced. Article 8 of Law 218/1995 which also refers to article 5 of the Italian Code of Civil Procedure. Had Plaintiffs sued Defendants in Italy, the case would have been dismissed for lack of jurisdiction.

5. The fact that some of the events in the instant action occurred in Italy is irrelevant for jurisdictional purposes, absent the requirement that Defendants are domiciled or reside in Italy.

6. Moreover, discovery is necessary in the instant action. While Italian Courts might order a party to produce documentation during discovery, in the event that the party fails to produce, that party may be sanctioned and ordered to pay a maximum sanction of 5 Euro (which is equal to approximately $8). Article 210 of the Italian Code of Civil Procedure. Discovery is ineffective in Italy. In Italy, there would be virtually no access to the source of proof in possession of Defendants in the instant action. Plaintiffs already posses some evidence.

7. Upon information and belief and after extensive investigations, many of the people mentioned in the Amended Complaint reside or are domiciled outside of Italy. In particular, Plaintiffs believe that Piana resides in the U.S. (in the Bronx County of New York); Michelucci resides in Monte Carlo or Switzerland. Italian Courts would not have jurisdiction over these people.

8. Some of the Italian Courts are extremely congested. For instance, in the Court of Turin (where a similar action *would* be filed by Plaintiffs since they reside in the province of Turin), this case would last between 4 and 14 years due to the large number of cases filed and the extreme congestion which afflicts the Courts of Italy and the Courts of Turin in particular.

9. Lastly, suing in Italy would be a waste of time since a decision of the Italian Court would have to be enforced as against Defendants in the U.S., where Defendants reside. This would bring the instant action back to New York for enforcement of the Italian decision. As a consequence, (a) two courts (Italian and New York) instead of one (New York) would be ultimately involved if this suit were to be brought in Italy; (b) there would be delay due to filing in Italy (if the instant action is dismissed by this Court) and enforcing the Italian decision in the U.S., and (c) all parties would needlessly spend additional sums of money to litigate.

10. It is definitely easier, more expeditious and economic to leave this suit ion New York.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 08, 2007

*[signature]*
Giovanni Cane

3