UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
MARIA MARGHERITA PERACCHINO and
MEDIAPRESS S.R.L.,                              Civ. Action No.
                                                07 Civ. 3257 (LTS)
                  Plaintiff,

       -against-                                AFFIDAVIT OF VINCENZO MARRA
                                                IN FURTHER SUPPORT OF MOTION
VINCENZO MARRA and                              TO DISMISS THE COMPLAINT
JOHN DOE COMPANY,

                  Defendants.
------------------------------------------X

STATE OF NEW YORK )
                  ss.:
COUNTY OF NEW YORK)

   1. My name is VINCENZO R. MARRA (hereinafter referred to as "Marra") and I am the named individual defendant in the above-captioned matter. I submit this affidavit in further support of the defendants' motion to dismiss pursuant to Rules 12(b)(3) and 12(b)(6) of the Fed. R. Civ. P. Because of the issues raised by plaintiffs in opposition to my Rule 12(b)(3) motion, it has been brought to my attention that this diversity action must also be dismissed under Rule 12(b)(1) of the Fed. R. Civ. P. for lack of subject matter jurisdiction. I am thoroughly familiar with all matters set forth herein.

**BACKGROUND**

   2. I was born in Rome, Italy in 1948, where I lived until the age of Twenty-Five (25). I immigrated to the United States in 1973, where I took up residence in Flushing, Queens, New York and became a citizen of the United States in 1988. However, I have always

retained my Italian citizenship and have dual citizenship status today.

3. I have maintained a residence in Rome, Italy, since 1948 and currently live at Via Etruria #1, Rome, Italy, the address of the home at the time of my birth in 1948, which, in fact, I consider my domicile. In fact, I have lived at the same address in Rome all of my life. My wife Gayle and my daughter Ilaria reside in my house in Rome and spend about ninety (90%) of their time year round there for at least the last (3) years. Over the last three (3) years, I have spent at least fifty (50%) percent of my time at my home in Italy. As a United States citizen, I am qualified to vote in both the United States and Italy. I have both an Italian and American passport. A copy of my Italian passport showing my Italian citizenship is annexed hereto as Exhibit "1".

4. On March 23, 2007, one month prior to filing this action, plaintiffs MARIA MARGHERITA PERACCHINO and MEDIAPRESS S.R.L. (hereinafter referred to as "Plaintiffs") filed a criminal complaint against me with the Procura della Repubblica di Torino which has been referred to the Prosecutor's office in IVREA, which is the office with proper jurisdiction. Also accused along with me are the following individuals named in the pleadings in this action: Paolo Zinni, Armando Miccoli, Giuliano Michelucci and Ricardo Piana.

5. As an Italian domiciliary and citizen, I am subject to the jurisdiction of all Italian courts and as such have submitted to

the jurisdiction of the Italian prosecutor. Annexed hereto as Exhibit "2" is an English translation of a press release issue on May 22, 2007, by plaintiffs' news letter, News Italia Press.

### JOHN DOE COMPANY

6. I do not know who defendant John Doe Company is intended to be. Up until the end of 2006, I owned and controlled a company organized and existing under the laws of the State of New York named Renaissance of Beauty, LLC. my only commercial business in the United States. This company conducted a cosmetics business. It never had any other business and in particular never had any business connected in any way to any media, but less any media dealing with Italian ex-patriots. Only my wife and I had any economic or control interests in the company.

### VASAPOLLO REPORT

7. In mid-2005, after plaintiffs' unsuccessful dealings with Paolo Zinni, whom I did nothing more than introduce to them to consider whether Zinni might have an interest in doing business with them, and whom certainly I never held out or introduced to plaintiffs as my agent, business partner or anyone other than an acquaintance, I was invited to and in fact sent my trusted financial advisor Dr. Giuseppe Vasapollo, who is both a Tax Attorney and a Certified Public Accountant ("CPA"), to review plaintiff Mediapress, S.R.L.'s ("MP") financial statements for 2003 and 2004. Up to that time, I had no financial information concerning MP. Annexed hereto as Exhibit "3" is the original report in Italian I received from Dr. Vasapollo

together with an English Translation.

8. Dr. Vasapollo on or about October 7, 2005, reported that MP "is in a bankruptcy situation and cannot be saved". Dr. Vasapollo went on to report:

> "Since you have never been in the communications business, I strongly advise you to avoid any personal or business involvement in Mediapress."

9. I accepted that advice.

10. I understand from my counsel that the averments in the pleadings of plaintiffs must be accepted as true at this stage of the litigation, so I shall not, at this time, take the time of the Court to provide my understanding of the actual facts. However, I am also understand from my counsel that the Court is charged with reading plaintiffs' various factual averments with a view to whether as pled, the factual averments are plausible. The Vasapollo report is presented to place in context what financial information was provided to me to assess the plausibility of plaintiffs' averments.

_____
Vincenzo R. Marra

Sworn to before me this
24 day of August, 2007

_____
Notary Public

DECLAN REDFERN, ESQ.
Notary Public, State of New York
No. 4963520
Qualified in Westchester County
Commission Expires April 10, 2010

4