UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------X
MARIA MARGHERITA PERACCHINO
and MEDIAPRESS S.R.L.,

                              Plaintiffs,              07 Civ. 3257 (LTS)

          -against-

VINCENZO MARRA and
JOHN DOE COMPANY,

                              Defendants.
-------------------------------------------------X


### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' CROSS-MOTION FOR LEAVE TO AMEND THE COMPLAINT

Francesco De Pietro, Esq.
Wuersch & Gering LLP
100 Wall Street, 21st Floor
New York, NY 10005
Tel.: 212-509-5050
Fax: 212-509-9559

Attorneys for Plaintiffs

Plaintiffs, Maria Margherita Peracchino ("Peracchino") and MediaPress S.r.l. ("MP"), by their undersigned attorneys, respectfully submit this Memorandum of Law in support of Plaintiffs' Reply to Defendants' Opposition to Plaintiffs' Cross-Motion for Leave to Amend the Complaint.

## PRELIMINARY STATEMENT

Defendants Vincenzo Marra ("Marra") and John Doe Company ("John Doe"), by their attorneys, submitted a Memorandum of Law in Reply to Plaintiffs' Opposition to Defendants' Motion to Dismiss and in Opposition to Plaintiffs' Cross-Motion to File a Second Amended Complaint. In support of their Reply, Defendants also submitted the Declaration of Marra ("Marra Decl."), together with an exhibit consisting of one page of Marra's Italian passport.

Even though a sur-Reply is not allowed, Plaintiffs must comment on Defendants' Reply in the interest of justice.

First and foremost, Defendants' Reply Memorandum "sneaks in" a motion to dismiss the complaint for lack of subject matter jurisdiction, under Rule 12 (b)(1) of the Federal Rules of Civil Procedure ("FRCP"). Defendants' R. 12(b)(1) motion should be stricken because it was not part of the original motion, as opposed by Plaintiffs, which included only grounds under R. 12(b)(3) and 12(b)(6), not 12(b)(1). No notice of motion accompanies Defendants' R. 12(b)(1) motion.

Defendants allege that this Court lacks subject matter jurisdiction because Marra "considers" Italy, not the U.S., as his domicile. (*See* Marra Aff. ¶3) This is news to Plaintiffs. Alleging that Defendants' counsel conducted an "investigation into defendant, Vincenzo Marra's domicile and citizenship" because Plaintiffs "raised issues based upon Defendants' domicile" (*see* Def. Reply, p. 2) is simply disingenuous. In the original complaint, Plaintiffs alleged that

1

Marra is a citizen of the United States. It seems too late to conduct an "investigation" on Marra's citizenship and domicile. Plaintiffs wander how long Defendants' counsel had to investigate Marra's citizenship and domicile. Perhaps, upon receiving the complaint, a simple question to his client, rather than a full blown investigation, would have been sufficient. Moreover, apparently Marra was willing to submit to the jurisdiction of the Italian courts if this case were to be dismissed based on forum non conveniens. (*See* Def. Memorandum in Support of their Motion to Dismiss, p. 24) That means that Marra has not submitted to the jurisdiction of the Italian courts (and Marra does not state that he did) even though, apparently, on March 23, 2007 (over 6 months ago), he was sued in Italy. (*See* Marra Decl. ¶ 4) That also means that Marra did not state the truth when he stated that he will submit to the jurisdiction of the Italian courts if this action is dismissed in its entirety. At no time prior to this moment, has Marra alleged that he considers Italy as his domicile.

Marra's unsupported allegations concerning his domicile are suspicious, to say the least. Allegedly, Marra "considers" Italy as his domicile. However, he does not support his allegation. While he goes through the trouble and effort of submitting one page of his Italian passport as evidence of his dual citizenship, he conveniently omits to submit the passport page which makes reference to his domicile and residence. Moreover, Marra omits to submit copies of relevant pages of his U.S. passport. Also, Marra omits to submit copies of the relevant pages of his Italian and U.S. passports bearing immigration's stamps which would reflect how many times a year (and for how long) he goes to Italy versus how long he stays in the U.S. Marra also omits to declare which domicile he elects when paying taxes in the U.S. Marra also omits to declare whether, and on what basis, he pays taxes in Italy. Marra omits to declare where he works. Rather than his "estimate" (*see* Def. Reply, p. 2) of how long he stays in Italy, he could and

should have submitted concrete evidence of his domicile, which he conveniently failed to do. In other words, Marra's declaration seems to be made *ad hoc* and solely with the purpose of having this case dismissed. Marra's declaration should be subject to a thorough scrutiny.

Plaintiffs do not wish to further comment on, and analyze, Defendants' R. 12(b)(1) motion and Reply because a sur-Reply is not allowed. However, justice demands that the above observations be brought to the attention of this Court.

Second, the Individual Practices of the Honorable Judge Laura Taylor Swain provide that reply memoranda are limited to 10 pages in length. Defendants' Reply Memorandum is 25 pages long. Plaintiffs respectfully request that pages 11 through 25 of Defendants' Reply Memorandum not be read and be disregarded by this Court.[1]

Third, Defendants submitted the Vasapollo Report and a translation of it, as exhibits to Marra's Declaration.[2] While the Vasapollo Report is absolutely irrelevant with respect to a R. 12(b)(6) motion to dismiss the complaint for failure to state a cause of action, the undersigned, being of Italian mother tongue, wishes to point out that the translation of page 2 of the Vasapollo Report ("Comunque, ove conoscessi imprenditori che gia' operano nel settore, ritengo che il modo meno traumatico di operare un intervento non sia di investire nella Mediapress ma di comportarsi come segue") is conveniently inaccurate. The true and accurate translation of said phrase is: "In any event, if you know investors who are already involved in the field [media], I believe that the least traumatizing way to invest is not to invest in Mediapress but to do as follows" and it goes on by explaining how to invest (*i.e.*, through a new corporation or limited

---

[1] Frankly, when Plaintiffs prepared their Memorandum in Opposition to Defendants' Motion to Dismiss, they had to cut several pages of the original draft since the original draft was in excess of 25 pages, and finally filed a Memorandum which was 25 pages, in respect of the above mentioned Individual Practices.

[2] The papers submitted by Defendants do not state who made the translation. Additionally, the Defendants do not submit or certify under penalty of perjury that the translation is a true and accurate translation. Therefore, the translation must be disregarded.

liability company), which is very similar to the investment which Plaintiffs describe at paragraph 25 of their Second Amended Complaint. Vasapollo seems to suggest that Marra invest through a corporation or limited liability company, rather than directly, in an attempt to shield his personal liability.

Lastly, in connection with Defendants' Reply pertaining to the forum non conveniens argument, all reference to Marra's citizenship and domicile must be ignored since they were raised for the first time by Defendants in their Reply. The Republic of Colombia v. Diageo North America, Inc., 2007 U.S. Dist. LEXIS 44266, at *238-239 (EDNY June 19, 2007) (quoting In Re Comverse Tech., Inc., 2006 U.S. Dist. LEXIS 80195, at *5 n. 3 (EDNY Nov. 2, 2006); Mason v. Jews for Jesus, 2006 U.S. Dist. LEXIS 81707, at *5 n.3 (SDNY Nov. 8, 2006) ("Arguments made for the first time in a reply brief need not be considered by a court.")).

The fact that Plaintiffs make reference to Defendants' domicile (see Plaintiffs' Memorandum in Opposition to Defendants' Motion to Dismiss, p. 17), as one of the factors to consider when deciding on the issue of forum non conveniens, is insufficient to afford Defendants' the opportunity to now allege that Marra's domicile is in Italy. Plaintiffs had mentioned Marra's domicile relying on Marra's representation that he would submit to the jurisdiction of the Italian courts if the pending U.S. action is dismissed. (See Def. Memorandum in Support of their Motion to Dismiss, p. 24) At no time prior to this moment, has Marra alleged that he is domiciled in Italy. Moreover, Marra's citizenship is alleged in the original complaint and in the Amended Complaint. It is too late to now "conduct an investigation on Marra's domicile" to have this case dismissed. Lastly, the fact that, apparently, a suit against Marra is pending in Italy and that Marra has not submitted to the jurisdiction of the Italian courts, indicates that this action should stay in this Court since Marra has no genuine intention to submit

4

to the jurisdiction of the Italian courts.

## ARGUMENT
## PLAINTIFFS' CROSS-MOTION SEEKING LEAVE TO AMEND MUST BE GRANTED

The only argument with which Defendants oppose Plaintiffs' Cross-Motion seeking leave to amend the complaint is that the proposed pleading fails to state a claim upon which relief can be granted and would otherwise be fruitless. (*See* Def. Reply, p. 24)

As Plaintiffs request above, pages 11 through 25 of Defendants' Reply Memorandum must be disregarded. However, in the event that this Court decides not to disregard said pages, Plaintiffs' Cross-Motion should still be granted since the Second Amended Complaint sufficiently pleads all causes of action stated therein.

## CONCLUSION

Defendants' motion to dismiss the complaint should be denied on all grounds. In the event that any of the counts of the complaint is dismissed, dismissal should be without prejudice and Plaintiffs should be granted leave to amend the complaint. Plaintiffs' Cross-Motion seeking leave to amend the complaint should be granted since it is virtually unopposed by Defendants. Defendants' motion to dismiss for lack of subject matter jurisdiction should be ignored.

Dated: September 14, 2007
New York, New York

Wuersch & Gering LLP
Attorneys for Plaintiffs

By: _____
Francesco Di Pietro (FD 6383)
100 Wall Street, 21st Floor
New York, New York 10005
(212) 509-5050

5