UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

MARIA MARGHERITA PERACCHINO and
MEDIAPRESS S.R.L.,

                 Plaintiffs,

        -against-

VINCENZO MARRA and
JOHN DOE COMPANY,

                 Defendants.

--------------------------------------------------------X

07 Civ. 3257 (LTS)

PRELIMINARY
PRE-TRIAL STATEMENT

      Pursuant to this Court's Order dated May 10, 2007, the parties to this action respectfully submit this Preliminary Pre-Trial Statement.

      a.      Plaintiffs allege that Defendants entered into contracts with Plaintiffs whereby Defendants would invest into plaintiff MediaPress S.R.L. ("MP") and introduce investors to Plaintiffs for investments in MP.  Defendants breached the contracts with Plaintiffs by failing to invest and introduce viable investors to Plaintiffs.  Plaintiffs also allege that Defendants are barred by promissory estoppel and equitable estoppel.  Additionally, Plaintiffs allege that Defendants committed fraud against Plaintiffs or, at the very least, Defendants negligently misrepresented material facts to the Plaintiffs.  Plaintiffs also allege causes of action for unjust enrichment and breach of fiduciary duty, against Defendants.  Plaintiffs proposed a Second Amended Complaint, which has not yet been filed, contemplates a cause of action for tortious interference with economic advantage.

      b.      Plaintiffs contend that this Court has subject matter jurisdiction, under 28 U.S.C. § 1332 (2), since Plaintiffs are citizens of the Republic of Italy, Defendants are citizens of the U.S.

with a domicile in New York, and the amount in controversy exceeds the sum of $75,000. Plaintiffs

will rely on 28 U.S.C. § 1332 (2), National Artists Mngmt. Co., Inc., v. Weaving, 769 F.Supp. 1224

(SDNY 1991), Restatement of Conflicts 2d §§ 11, 12 (1971). Plaintiffs contend that Marra is a U.S.

citizen, as admitted by Defendants. Plaintiffs also contend that Marra is domiciled in New York, as

admitted by Defendants in their motion to dismiss filed on July 12, 2007 (see Defendants' brief, pp.

1 and 22). Defendants even conceded that this Court has jurisdiction over this case and over the

Defendants where they (1) did not contest Plaintiffs' jurisdictional allegations, (2) filed a motion to

dismiss based on forum non conveniens, and (3) alleged that Marra would submit to the jurisdiction

of the Italian Court if this Court dismisses the pending action.

     Defendants contend that this Court lacks subject matter jurisdiction due to a lack of diversity

of citizenship.

         (1) Defendant Marra is a citizen of Italy as is plaintiff Peracchino.

         (2) John Doe Defendant is an unincorporated association many of whose

members are citizens of Italy.

     Plaintiffs strongly believe that Defendants now allege lack of subject matter jurisdiction

because the analysis under the forum non conveniens doctrine favors the Plaintiffs. Plaintiffs

strongly believe that Defendants' allegations of lack of subject matter jurisdiction were created *ad

hoc* for the sole purpose of having this case dismissed. Plaintiffs contend that Defendants'

allegations are unsupported.

    c.     Defendants are unaware of any material uncontested facts except

         (1)  that Marra met on two occasions with Peracchino, one of which when he visited

Turin;

         (2) Marra did suggest that Peracchino see Zinni, a business consultant;

(3) Peracchino told Marra of Zinni's bounced personal check;

(4) Marra assigned Vasapollo to make a review of MP's books and records which MP made available to him; and

(5) Marra introduced, Toccofondi to Peracchino.

d       Defendants are unaware of any uncontested legal issues.

e.      Plaintiffs contend that the following legal issues are to be decided by this Court:

whether Defendants breached contracts with Plaintiffs;

whether Defendants defrauded Plaintiffs;

whether Defendants negligently made misrepresentations to Plaintiffs;

whether Defendants should be bound by their promises to Plaintiffs;

whether Defendants unjustly enriched themselves;

whether Defendants breached their fiduciary duty to Plaintiffs;

whether Defendants interfered with economic advantage of the Plaintiffs;

Defendants contend that the following legal issues are to be decided by this Court:

Whether the Court has subject matter jurisdiction?

Whether this is a convenient forum?

Whether the oral averments of a contract are barred by the Statute of Frauds?

Whether the averments in the amended complaint state a meeting of the minds as to a contract?

Whether plaintiffs' reliance upon purported statements were reasonable?

Whether defendants had any fiduciary relationship or confidential relationship with plaintiffs?

Whether the Amended Complaint or proposed Second Amended Complaint states a

3

claim upon which relief can be granted?

       f.     Plaintiffs contend that the facts in the Amended Complaint and proposed Second Amended Complaint are undisputed.  Defendants have not answered the complaint; Defendants filed a motion to dismiss.  Plaintiffs contend that all facts alleged by Defendants in their motion papers are in dispute.  Defendants contend that the following facts are in dispute:

       (1)     John Doe Company does not exist.

       (2)     Marra never agreed to invest in MP.

       (3)     Marra never authorized anyone to act as his agent with authority to bind him to invest in MP.

       (4)     Plaintiffs' averred reliance upon various purported statements was unreasonable.

       g.     Plaintiffs will rely on the following:

Breach of Contract:

     Restatement 2d of Contracts, § 27;

     Consarc Corp. v. Marine Midland Bank, N.A., 996 F.2d 568 (2d Cir. 1993), and its progeny;

     Randolph Equities, LLC v. Carbon Capital, Inc., 2007 U.S. Dist. LEXIS 21670 (SDNY March 26, 2007);

Promissory Estoppel:

     Henneberry v. Sumitomo Corp. of Am., 2007 U.S. Dist. LEXIS 50633 (D.N.Y. 2007);

     Tierney v. Omnicom Group, 2007 U.S. Dist. LEXIS 50435 (SDNY July 11, 2007);

     Kaye v. Grossman, 202 F.3d 611 (2d Cir. 2000)

Equitable Estoppel:

     Jofen v. Epoch Biosciences, Inc., 2002 U.S. Dist. LEXIS 12189 (SDNY June 26, 2002);

Fraud:

>   Astroworks, Inc. v. Astroexhibit, Inc., 257 F. Supp.2d 609 (SDNY 2003);
>
>   Mendelovitz v. Cohen, 37 A.D.3d 670 (2d Dep't 2007);
>
>   Rocanova v. Equitable Life Assurance Soc., 83 N.Y.2d 603 (1994).

Negligent Misrepresentation:

>   Henneberry v. Sumitomo Corp. of Am., 2007 U.S. Dist. LEXIS 50633 (D.N.Y. 2007);
>
>   Manhattan Motorcars, Inc. v. Automobili Lamborghini, S.p.A., 2007 U.S. Dist. LEXIS 49641 (SDNY July 9, 2007).

Unjust Enrichment:

>   Manhattan Motorcars, Inc. v. Automobili Lamborghini, S.p.A., 2007 U.S. Dist. LEXIS 49641 (SDNY July 9, 2007);
>
>   Beth Isr. Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc., 448 F.3d 573 (2d Cir. 2006);
>
>   Newman & Schwartz v. Asplundh Tree Expert Co., 102 F.3d 660 (2d Cir. 1996);
>
>   Sofi Classic S.A. de C.V. v. Hurowitz, 444 F. Supp.2d 231 (SDNY 2006).

Breach of Fiduciary Duty:

>   Manhattan Motorcars, Inc. v. Automobili Lamborghini, S.p.A., 2007 U.S. Dist. LEXIS 49641 (SDNY July 9, 2007);
>
>   Henneberry v. Sumitomo Corp. of Am., 2007 U.S. Dist. LEXIS 50633 (D.N.Y. 2007);
>
>   Penato v. George, 52 A.D.2d 939 (App. Div. 1976);
>
>   Wiener v. Lazard Freres & Co., 241 A.D.2d 114 (App. Div. 1998);
>
>   Grumman Allied Indus., Inc. v. Rohr Indus., Inc., 748 F.2d 729 (2d Cir. 1984);
>
>   Jana L. v. W. 129th St. Realty Corp., 22 A.D.3d 274 (App. Div. 2005).

Tortious Interference with Economic Advantage:

  Carvel Corp. v. Noonan, 350 F.3d 6 (2d Cir. 2003).

Defendants:  N.A.

  h. Since at this time Defendants have not filed counterclaims against Plaintiffs, this request does not apply to Plaintiffs.

  Defendants' response to this request is as follows:

  (1) The Court lacks subject matter jurisdiction.

Chappelle v. Beacon Communications, Corp., 863 F.Supp. 179 (S.D.N.Y. 1994), appeal dismissed, 84 F.3d 652 (2d Cir. 1996).

Kaufman and Broad, Inc. v. Gootrad, 397 F.Supp. 1054, 1055 (S.D.N.Y. 1975).

Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989).

Gefen v. Upjohn Company, 893 F.Supp. 471, 473 (E.D. Pa. 1995).

Jenkins v. Virgin Atlantic Airways, Ltd., 46 F.Supp. 271, 273-274 (S.D.N.Y. 1999).

Corporacion Venezolana De Formento v. Vintero Sales Corporation, 629 F.2d 786 (2d Cir. 1980), cert denied. sub nom, Corporacion Venezolana De Formento v. Merban Corporation, 449 U.S. 1080 (1981).

Suchem v. Central Aguirre Sugar Co., 52 F.R.D. 348 (D. Puerto Rico 1971).

  (2) Forum non-conviens renders the jurisdiction inappropriate.

Pollux Holding Ltd. v. Chase Manhattan Bank, 329 F.3d 64, 67 (2d Cir. 2003).

Acosta v. J.P. Morgan Chase & Co., 2007 WL689529 (S.D. N.Y.) at p.4.

Gulf Oil Corporation v. Gilbert, 330 U.S. 501, 508-509 (1947).

Base Metal Trading S.A. v. Russian Aluminium, 253 F.Supp.2d 681, 712 (S.D.N.Y., 2003).

Kirch v. Liberty Media Corp., 449 F.3d 388, 401-402 (2d Cir. 2006).

(3)    The amended complaint fails to state a claim upon which relief can be granted.  Rule 12(b)(6) of the Fed.R.Civ.P; Rule 8(a)(2) of the Fed.R.Civ.P.

Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007); S.Q.K.F.C., Inc. v. Bell Atlantic Tricon Leasing Corporation, 84 F.3d 629, 636-637 (2d Cir. 1996).  No agreement is averred.

Wrightman-Cervantes v. ACLU, 2007 WL 1805483 (S.D.N.Y.) p.2.

Teachers Ins. and Annuity Association of America v. Tribune Co., 610 F.Supp. 491, 497 (S.D.N.Y. 1987).

Rosenblatt v. Christie, 195 F.3rd 22(2d Cir. 2006).

Winston v. MediaFare Entertainment Corporation, 777 F.2d 78, 80-81 (2d Cir. 1986).

Reprosystem, B.V. v. SCM Corporation, 727 F.2d 257, 261-262 (2d Cir. 1984), cert denied 469 U.S. 828 (1984).

(a)    The Claims are barred by the Statute of Frauds.

Section 5-701(a)(1) and (2) of the New York General Obligations Law.

Tierney v. Omnicom, 2007 WL 2012412 (S.D.N.Y. 2007).

Slavenburg Corp. v. Rudes, 86 A.D.2d 517 (1st Dept. 1982)

(b)    No promissory estoppel is averred.

Readco, Inc., v. Marine Midland Bank, 81 F.3d 295, 301 (2d Cir. 1996).

R.G. Group Inc. v. Horn & Hardart Co., 751 F.2d 69, 78-79 (2d Cir. 1984).

(c)    No equitable estoppel is averred.

Readco, Inc., supra.

Southern Federal Savings & Loan Association v. 21-26 East 105th Street Associates, 146 B.R. 375, 381-383 (S.D.N.Y. 1991) aff'd. 978 F.2d 705 (2d Cir. 1992).

(d)    No fraud is averred.

Chanayil v. Gulati, 169 F.3d 168, 171 (2d Cir. 1999).

Shields v. Citytrust Bancorp Inc., 25 F.3d 1129, 1127-1128 (2d Cir. 1994).

(e)    No negligent misrepresentation is averred.

Heard v. City of New York, 82 N.Y.2d 66, 73-75 (1993).

Hydro Investors, Inc. v. Trafalgar Power Inc., 227 F.3d, 20-21 (2d Cir. 2000).

(f)    No unjust enrichment is averred.

Indyk v. Habib Bank, Ltd., 694 F.2d 54, 57 (2d Cir. 1982).

Martes v. U.S. Life Corp., 927 F.Supp. 146, 149 (S.D.N.Y. 1996).

(g)    No breach of fiduciary duty is averred.

Carruthers v. Flaunn, 388 F.Supp.2d 360,381(S.D.N.Y.2003).

(h)    No tortious interference with contract is averred. (Withdrawn by Plaintiffs).

Lama Holdings Co. v. Smith Barney, Inc., 88 N.Y.2d 413, 424 (1996).

(i)    No tortious interference with prospective economic advantage is presently averred. (Withdrawn by Plaintiffs).

Kirch v. Liberty Media Corp., supra

i.    Plaintiffs contend that Defendants have the burden of proving, by a preponderance of the evidence, each and every defense they may allege. Defendants contend that Plaintiffs have burden of proof - on their case by a preponderance of the evidence;

j.    Plaintiffs moved for an order seeking leave of this Court to amend the complaint. If this Court grants Plaintiffs' motion, Plaintiffs will file an amended complaint within 30 days from this Court's decision on the motion.

N.A. to defendants.

k.      Only one party consents to trial by the Magistrate Judge.

l.      30 days after decision on motion to dismiss for Rule 26(a)(1) disclosure.

m.      Disclosure needed on all issues; discovery should end 6 months from the Court's decision on the pending motions.

n.      Plaintiffs contend that no expert will be required.  Defendants contend that experts may be needed on foreign law 60 days after first discovery cut off.

o.      None.

p.      Plaintiffs asked Defendants if they were willing to entertain settlement discussions. Defendants' answer was "no settlement."

q.      Jury trial may be requested, although at this time it has not been requested.  At this time, Plaintiffs believe that 3 days may be needed for trial.

r.      None at this time.

Dated: New York, New York
     November 23, 2007

Respectfully submitted,

WUERSCH & GERING, LLP

By: /s/ Francesco Di Pietro
  FRANCESCO DI PIETRO (FD 6383)
     100 Wall Street, 21st Fl.
     New York, NY 10005
     212-509-4716

KAYSER & REDFERN, LLP

By: /s/ Leo Kayser, III
  LEO KAYSER, III (LK 3550)
     Attorneys for Defendants
     515 Madison Avenue, 30th Fl.
     New York, NY 10022
     212-935-5057