
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
MARIA MARGHERITA PERACCHINO
and MEDIAPRESS S.R.L.,

                          Plaintiffs,                  07 Civ. 3257 (LTS)

    -against-

VINCENZO MARRA and
JOHN DOE COMPANY,

                          Defendants.
------------------------------------------------------X

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

Francesco De Pietro, Esq.
Wuersch & Gering LLP
100 Wall Street, 21st Floor
New York, NY 10005
Tel.: 212-509-5050
Fax: 212-509-9559

Attorneys for Plaintiffs

## PRELIMINARY STATEMENT

Plaintiffs, Maria Margherita Peracchino ("Peracchino") and MediaPress S.r.l. ("MP"), by their undersigned attorneys, respectfully submit this Memorandum of Law in opposition to Defendants' Motion to Dismiss the Amended Complaint for lack of subject matter jurisdiction.

Plaintiffs pleaded that this Court has original jurisdiction over this matter pursuant to 28 U.S.C. §1332 (a)(2) because this action is between Plaintiffs which are citizens of a foreign state, and Defendant Vincenzo Marra ("Marra"), a citizen of the State of New York, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.[1]

Marra contends that diversity does not exist and this Court lacks subject matter jurisdiction. In support of his argument, Marra alleges that as a person with dual citizenship (U.S. and Italian), he cannot be sued in Federal Court. Marra also alleges that diversity does not exist because he is domiciled in Italy. Defendant does not contest that the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Defendant does not contest that both Plaintiffs are citizens of the Republic of Italy.

Plaintiffs will show that diversity of citizenship exists as between the parties herein and that this Honorable Court has subject matter jurisdiction. Plaintiffs will prove that both of Defendant's arguments are without merit since (1) U.S. citizens with dual citizenship **can** be sued in a diversity action in U.S. Federal Courts, and (2) while Marra's domicile is irrelevant, Marra has failed to prove his Italian domicile and, to the contrary, all evidence before this Court proves that he is domiciled in New York.

## ARGUMENT

---

[1] Originally, this action was filed also against defendant John Doe Company. However, the action against defendant John Doe Company was voluntarily dismissed on December 14, 2007. Therefore, there is no need to address Defendant's arguments concerning diversity when a business entity is involved. A copy of the filed Voluntary Dismissal against defendant John Doe Company is annexed hereto as **Exhibit A**.

1

*I.    Marra's Allegations of Jurisdiction and Domicile are Suspicious, Contradictory and Self-Serving and Must be Disregarded or Given Little Weight.*

On July 10, 2007, Marra alleged that he was willing to submit to the jurisdiction of the Italian courts if this case were to be dismissed based on *forum non conveniens*. (*See* Def. Mem. in Support of Mot. to Dism., p. 24) As of July 10, 2007, Marra had not submitted to the jurisdiction of the Italian courts. On August 24, 2007, Marra changed version to his story and alleged that "[a]s an Italian domiciliary and citizen, I am subject to the jurisdiction of all Italian courts and as such have submitted to the jurisdiction of the Italian prosecutor." (*See* Marra's Affid. in Further Support of Mot. to Dism., ¶ 5)

If Marra's allegations are true, he must have submitted to the jurisdiction of the Italian courts between July 10 and August 24, 2007. Marra fails to provide any evidence of his purported submission to the jurisdiction of the Italian courts. Upon information and belief, Marra has not submitted to the jurisdiction of the Italian Courts.

Additionally, Marra's unsupported allegations concerning his domicile are suspicious, to say the least. Allegedly, Marra "considers" Italy as his domicile but he fails to support his allegation. While he goes through the trouble and effort of submitting one page of his Italian passport as evidence of his dual citizenship, he conveniently fails to submit the passport page which makes reference to his domicile and residence. Moreover, Marra fails to submit copies of relevant pages of his U.S. passport. Also, Marra fails to submit copies of the relevant pages of his Italian and U.S. passports bearing immigration's stamps which would reflect how many times a year (and for how long) he goes to Italy versus how long he stays in the U.S. Rather than "estimating" (*see* Def. Reply, p. 2) how long he stays in Italy, he could and should submit concrete evidence of his domicile, which he fails to do. Marra also fails to declare which

2

domicile he elects when paying taxes in the U.S. Marra also omits to declare <u>whether</u>, and on what basis, he pays taxes in Italy. Marra omits to declare where he works. Marra fails to submit credit card bills and statements as well as ATM and other bank statements. Marra alleges that he is qualified to vote in the U.S. and Italy (*see* Marra's Affid. in Further Support of Mot. to Dism., ¶ 3), but he fails to state where he actually votes. While Marra alleges that he lived at the same address in Rome all his life (*see* Marra's Affid. in Further Support of Mot. to Dism., ¶ 3), conveniently he does not allege that he has been living, and still lives, in Queens, New York for the past 35 years. It is hard to imagine that for the past 35 years Marra has been living and working in New York, while his intention is to be domiciled in Italy (where he does not live).

In other words, Marra's declaration seems to be made *ad hoc* and solely for the purpose of having this case dismissed. Marra's declaration should be subject to a thorough scrutiny, where not disregarded entirely.

    II.    *U.S. Citizens with Dual Citizenship Can Be Sued in Federal Court on the Ground of Diversity Jurisdiction.*

Defendant contends that this Court lacks subject matter jurisdiction because Marra is a U.S. citizen with dual citizenship, since he is allegedly also a citizen of Italy, and as such he cannot be sued in a diversity action in Federal Court. This argument is illogic and, most of all, incorrect under the law.

A review of applicable case law indicates that it is exactly the opposite. "In matters of diversity jurisdiction American citizenship will determine diversity." <u>Action S.A. v. Rich</u>, 951 F.2d 504, 507 (2d Cir. 1991). "[O]nly the American nationality of the dual citizen should be recognized under 28 U.S.C. § 1332(a)." <u>Id.</u> In <u>Action S.A.</u>, the two plaintiffs, both foreign corporations, sued Rich, an individual living in Spain and having both Spanish and U.S.

citizenship. Defendant argued that he was a dual national of both America and Spain and, as such he was a foreign national for purposes of diversity and that since plaintiffs were foreigners diversity did not exist. The Second Circuit disagreed with defendant and held that the District Court had diversity jurisdiction. Id.

Action S.A. presents facts which, for jurisdictional purposes, are identical to the ones in the instant suit: Plaintiffs are foreigners and Marra alleges to have dual citizenship (American and Italian). Therefore, under the law of this Circuit, this Court has original jurisdiction based on the diversity of the parties.

In support of his argument, Marra cites Gefen v. The Upjoy Co., 893 F. Supp. 471 (D. Pa. 1995). Curiously, though, Gefen supports Plaintiffs' argument. In Gefen, the Court found that "[w]hen an American citizen who is also a citizen of a foreign country sues in federal court, his American citizenship usually governs for diversity purposes. [citations omitted] Therefore, an American with a dual citizenship is not considered a citizen of a foreign state under 28 U.S.C. § 1332(a)(2)." Id., at 473. In Gefen, the District Court held that the parties were not diverse under 28 U.S.C. § 1332(a)(1) because plaintiff, an individual with an Israeli domicile, was a U.S. citizen (as well as Israeli) and both defendants were also U.S. citizens. Defendants had pleaded diversity under 28 U.S.C. § 1332(a)(1) which applies to citizens of different states (of the U.S.) and plaintiff was clearly not a citizen of any of the U.S. states since she had been in the U.S. only once for three weeks. Thereafter, to defeat plaintiff's argument and motion to remand, in Gefen defendants argued that diversity existed under 28 U.S.C. § 1332(a)(2). The Court found that even under 28 U.S.C. § 1332(a)(2) diversity did not exist since 28 U.S.C. § 1332(a)(2) applies to citizens of a State and citizens of a foreign state and since plaintiff had American citizenship, she could not be considered a citizen of a foreign state.

4

Here, it is not clear that Marra is domiciled in Italy. Marra has not spent only one week in the U.S., like the plaintiff in Gefen; Marra has spent the past 35 years in the U.S. and still lives in the U.S.

Marra also cites Jenkins v. Virgin Atlantic Airways, Ltd., 46 F. Supp.2d 271 (SDNY 1999), and argues that "Marra's Italian citizenship demonstrates a per se lack of diversity of citizenship with another Italian citizen, since diversity must be complete." Marra's argument and reliance on Jenkins is faulty since in Jenkins both plaintiff and defendant were UK citizens; **neither** plaintiff **nor** defendant had dual citizenship (one being American citizenship).

By reason of the foregoing, Defendant's motion must be denied. Diversity jurisdiction exists here under 28 U.S.C. § 1332(a)(2).

### III. Marra's Domicile is Irrelevant for the Purpose of Diversity Jurisdiction.

Marra alleges tat he is domiciled in Italy and therefore he is not amenable to diversity jurisdiction. In Action S.A., the Court was concerned only with the citizenship of the defendant, not his domicile. Defendant lived in Spain and for years had not returned to the U.S. for a considerable amount of time and yet the Second Circuit held that diversity was established since defendant was a U.S. citizen (in addition to being a Spanish citizen) and in a dual citizenship situation U.S. citizenship governs. Action S.A., supra, at 507.

In support of his argument, Marra erroneously relies on Chappelle v. Beacon Communications Corp., 863 F. Supp. 179 (SDNY 1994). Chappelle concerns an action between parties that are all U.S. citizens where diversity jurisdiction was invoked under 28 U.S.C. § 1332(a)(1). The instant case, instead, concerns alienage jurisdiction, under 28 U.S.C. § 1332(a)(2). Therefore, Chappelle does not apply to the instant case.

Assuming that Chappelle applies to the instant case, which is denied, under the Chappelle

test to determine the domicile of a party, Marra would still be considered a domiciled of the State of New York and therefore would be subject to the diversity jurisdiction of this Court. In Chappelle, the Court found that the individual defendant, who moved to dismiss for lack of diversity jurisdiction, was domiciled in New York, not California; New York was also the domicile of the plaintiff. In Chappelle, Defendant had an apartment, a car and even lived in California for several months of the year since his job and career as a director of major motion pictures required extensive contacts with California; yet, defendant was considered a New York citizen. Id., at 182.

In Chappelle, defendant presented evidence tending to support his New York domicile, including (1) New York state tax returns, listing an apartment in New York as his place of residence, (2) federal tax returns, also listing New York as his residence, (3) copies of two checks, one from a bank in New York City and one from a bank in New Jersey, (4) the top half of bills sent to defendant by his law firm, located in New York, (5) signed lease renewal forms for defendant's apartment in New York covering the relevant period, (6) a letter from defendant's accountants in New Jersey, stating that they have performed services for him for more than ten years, during which time his residence was in New York. In addition to the documentary evidence submitted, defendant testified that he had rented his New York City apartment for twenty years and had lived there along with, at various times, his first wife and his current wife, from whom he is separated. Id.

Marra lives and works in New York. His center of his domestic, social and civil life is New York. He has been living in New York since 1973 when he migrated to the U.S. In 1988, Marra acquired U.S. citizenship. According to his representations to Plaintiffs, during the entire course of their business relationship since August 2004, Marra went to Italy twice and one of the

6

two times he went to Italy upon invitation (and payment of all expenses) by Plaintiffs. On both occasions, Marra was in Italy only for few days. Marra was in New York from, at least, August 2004 until the end of 2006. On several occasions, Marra represented to Plaintiffs that he could not leave New York and travel to Italy due to his various engagements, including business, in New York. In New York, Marra established his business entities.

The only allegations in support of Marra's claimed Italian domicile are that his wife and daughter have been spending 90% of their time in Italy in the past three years and that he estimates spending half the time in Italy (and half in New York). Marra also alleges that he is entitled to vote in both New York and Italy but he does not say where he votes. He also alleges that he owns a house in Rome where he was born which seems that he inherited his parents' house. It seems that while Marra's center of domestic, social and civil life is New York, he has an interest in Rome where he allegedly goes from time to time, just like the defendant in Chappelle who was domiciled in New York and had strong ties in California for professional reasons.

Besides a self-serving, suspicious and contradictory affidavit which presents scant evidence, if any at all, of his alleged Italian domicile, and copy of one page of his Italian passport, Marra has produced nothing more. Chappelle requires production of substantial evidence in support of one's claimed domicile.

But the most striking error in Marra's reliance on Chappelle is the fact that domicile requires (1) the party's physical presence in the state and (2) the intent to remain in that state indefinitely. Chappelle, *supra*, at 181. Marra's physical presence is, and was at the time of commencement of this action, in New York. New York is where he has lived since 1973, which suggests that he intends to remain in New York indefinitely (over 35 years thus far). By the

same token, Marra cannot claim Italian domicile since he is <u>not</u> physically present in Italy. "To acquire a domicil of choice in a place, a person must be physically present there." Rest. (Second) Conflct of Laws § 16 (1988 Revisions). "Physical presence in a particular area is essential for the acquisition in that area of a domicil of choice. In order to acquire a domicil of choice in a town, city, county or other subdivision of a state, one must be present there." Rest. (Second) Conflct of Laws § 16 (1988 Revisions), comment a.

Lastly, Marra relies on <u>Kaufman and Broad, Inc. v. Gootrad</u>, 397 F. Supp. 1054 (SDNY 1975). <u>Kaufman</u> is easily distinguishable from the instant case: in <u>Kaufman</u>, plaintiffs conceded that the defendant, a U.S. citizen, was domiciled in France; plaintiffs had an appreciation of defendant's France domicile since they were defendant's employers; defendant's wife lived in New York while he lived in France; the Court found that the evidence established defendant as an intended domiciliary in France. <u>Id.</u>, at 1055. In the instant case, instead, there is no proof that Marra is domiciled in Italy. To the contrary, Marra's conduct, affidavits and all evidence prove that Marra is domiciled in New York. Plus, here not only were Plaintiffs in a position to appreciate Marra's domicile, but also it was Marra who had given Plaintiffs the impression and certainty that he was a U.S. citizen with a New York domicile. The fact that Marra's wife lives in Italy and Marra lives in New York (a situation similar to the one of defendant in <u>Kaufman</u>) should also lead this Court to conclude that Marra's domicile is in New York (just like in <u>Kaufman</u>).

Plaintiff has demonstrated that this Court has original jurisdiction under 28 U.S.C. § 1332(a)(2). What counts is Marra's U.S. citizenship. Marra's domicile, while it is irrelevant for the purpose of this motion, is in New York. Marra has failed to prove that he is domiciled in Italy. By reason of the foregoing, Defendants' motion to dismiss the complaint must be denied.

## **CONCLUSION**

By reason of the foregoing, Defendants' motion to dismiss the Amended Complaint should be denied. This Court has original jurisdiction based upon the diversity of citizenship of the parties involved.

Dated:  December 17, 2007
        New York, New York

Wuersch & Gering LLP
Attorneys for Plaintiffs

By: _____
Francesco Di Pietro (FD 6383)
100 Wall Street, 21st Floor
New York, New York 10005
(212) 509-5050