UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X

MARIA MARGHERITA PERACCHINO and
MEDIAPRESS S.R.L.,                                    Civ. Action No.
                                                      07 Civ. 3257 (LTS)
                        Plaintiff,

          -against-
VINCENZO MARRA and
JOHN DOE COMPANY,

                        Defendants.

----------------------------------------X


_____


**DEFENDANT'S REPLY MEMORANDUM OF LAW ON
QUESTION OF DIVERSITY JURISDICTION**


_____



                              Leo Kayser, III (LK 3550)
                              KAYSER & REDFERN, LLP
                              515 Madison Avenue, 30th Fl.
                              New York, NY 10022
                              212-935-5057



                    Attorneys for Defendants

## TABLE OF CONTENTS

Page

Preliminary Statement . . . . . . . . . . . . . . . . . . . . .   1

**POINT I    MARRA'S DUAL ITALIAN AND UNITED STATES
            CITIZENSHIP DESTROYS THE COMPLETE DIVERSITY
            REQUIRED FOR SUBJECT MATTER JURISDICTION  . . . .   2**

**CONCLUSION**   . . . . . . . . . . . . . . . . . . . . . . .   9

## TABLE OF AUTHORITIES

_____ Page

Action S.A. v. Rich, 951 F.2d 504 (2d Cir. 1991)  . . . . . 3,5,6

Afroyim v. Rusk, 387 U.S. 253 (1967)  . . . . . . . . . . .    9

In re Balfour MacLaine International, Ltd.,
     85 F.3rd 68, 76(2d Cir. 1996)  . . . . . . . . . . . .    4

Clifford Corp., N.V. v. Ingber,
     713 F.Supp. 575(S.D.N.Y. 1989)  . . . . . . . . . . .    4

Gefen v. Upjohn Company, 893 F.Supp. 471,
     473 (E.D. Pa, 1995)  . . . . . . . . . . . . . . . . .  5,8

Hercules Inc. v. Dynamic Export Corp.,
     71 F.R.D. 101, 106-107 (S.D.N.Y. 1976)  . . . . . . .  4,6

Int'l Shipping Co. S.A. v. Hydra Offshore, Inc.,
     875 F.2d 388, 391 (2d Cir. 1989), cert denied,
     493 U.S. 1003, 100 S.Ct. 563,107 L.Ed.2d 558(1989)   .    3

Jenkins v. Virgin Atlantic Airways, Ltd.,
     46 F.Supp. 2d 271, 273-274 (S.D.N.Y. 1999)  . . . . .    3

Murphy v. Gutfreund, 624 F.Supp. 444
     at 447 (S.D.N.Y. 1985)  . . . . . . . . . . . . . . .    4

R.G. Barry Corp. v. Mushroom Makers, Inc.,
     612 F.2d 651, 654 (2d Cir. 1979)  . . . . . . . . . .    4

Sadat v. Mertes, 615 F.2d 1176 (7th Cir. 1980)  . . . . 3,6,7,8,9

Strawbridge v. Curtiss,7 U.S. (3 Cranch) 267,
     2 L.Ed 435 (1806)  . . . . . . . . . . . . . . . . . .  3,7

Vance v. Terrazas, 444 U.S. 252 (1980)  . . . . . . . . . .    9

## STATUTES & RULES

Page

28 U.S.C. §1332(a)(2)        . . . . . . . . . . . . . . . . . . . . 3,5,7

28 U.S.C. §1332(a)  . . . . . . . . . . . . . . . . . . . . . .    8

28 U.S.C. §1332(c)  . . . . . . . . . . . . . . . . . . . . . .    4,5

349(a)(1) of the Immigration and Nationality Act  . . . . .    9

8 U.S.C.A. §1481(a)(5)  . . . . . . . . . . . . . . . . . . .    9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X

MARIA MARGHERITA PERACCHINO and
MEDIAPRESS S.R.L.,                              Civ. Action No.
                                                07 Civ. 3257 (LTS)
                        Plaintiff,

        -against-

VINCENZO MARRA and
JOHN DOE COMPANY,

                        Defendants.

----------------------------------------X

### DEFENDANT'S REPLY MEMORANDUM OF LAW ON QUESTION OF DIVERSITY JURISDICTION

        Defendant VINCENZO MARRA ("Marra") submits this Reply Memorandum of Law with respect to his motion to dismiss limited to the issue of whether diversity jurisdiction is destroyed due to defendant Marra's dual Italian and U.S. citizenship when Plaintiffs are also Italian citizens.  Since oral argument was initially had on December 3, 2007, at which time the Court allowed Plaintiffs the opportunity to brief in greater detail the impact of Defendant Marra's admitted dual Italian and United States citizenship, Plaintiffs have voluntarily dismissed without prejudice Defendant, JOHN DOE COMPANY from the action[1].

_____

        [1]See fn2, p.2 and pp.5-6 of Defendants' Memorandum of Law in Reply to Plaintiffs' Opposition to Defendants' Motion to Dismiss and In Opposition to Plaintiffs' Cross-Motion to File a Second Amended Complaint ("Defendants' Reply Brief) where the distruction of diversity by the John Doe Company was briefed.

POINT I

**MARRA'S DUAL ITALIAN AND UNITED STATES CITIZENSHIP DESTROYS THE COMPLETE DIVERSITY REQUIRED FOR SUBJECT MATTER JURISDICTION**

Plaintiffs have acknowledged in oral argument based upon Marra's Italian passport, Ex.1, Marra Aff., which evidences his Italian citizenship, that he is a citizen of Italy.  Plaintiffs also have averred and acknowledged that Plaintiff Maria Margherita Peracchino is an Italian citizen, ¶3 Amended Complaint, and that Plaintiff Mediapress S.R.L. is organized and existing under the laws of Italy, ¶4 Amended Complaint.

Defendant Marra is also a United States citizen, having been naturalized in 1988 (Marra Aff., ¶1)[2].  It is the fact that Marra is a United States citizen with a domicile deemed for purposes of this Memorandum of Law to be in New York that Plaintiffs argue that this Court has subject matter jurisdiction in this case.  The case law, however, upon which Plaintiffs rely does not support Plaintiffs' position.  Holdings in case law require that diversity of citizenship be <u>complete</u> at the time of the initiation of the action in order to

---

[2]While Marra has asserted that his domicile is Rome, Italy, Marra Aff. ¶3, this factual matter is disputed by Plaintiffs and for purposes of determining this narrow prong of the issue of subject matter jurisdiction based solely upon the undisputed fact of Marra's Italian citizenship, Marra's domicile is deemed to be in New York.

confer subject matter jurisdiction. Plaintiffs, in arguing that

diversity is not destroyed by the shared citizenship of the Plaintiffs

and Defendant, only cite some quoted <u>dictum</u> from <u>Sadat v. Mertes</u>, 615

F.2d 1176 (7th Cir. 1980) contained in another case, <u>Action S.A. v.</u>

<u>Rich</u>, 951 F.2d 504 (2d Cir. 1991), neither of which cases go to the

facts presented here.

28 U.S.C. §1332(a)(2), which is the predicate for juris-

diction advanced by Plaintiffs that this Court has subject matter

jurisdiction, reads as follows:

> "§1332. Diversity of citizenship; amount in
> controversy; costs.
> (a) The district courts shall have original
> jurisdiction of all civil actions where the
> matter in controversy exceeds the sum of
> value of $75,000, exclusive of interest and
> costs, and is between - - -
> . . .
> (2) citizens of a State and citizens or
> subjects of a foreign state"

Courts have consistently held that in diversity cases, the

diversity must be <u>complete</u>. <u>Jenkins v. Virgin Atlantic Airways, Ltd.</u>,

46 F.Supp. 2d 271, 273-274 (S.D.N.Y. 1999), wherein it is stated:

> "It is well established that in order to
> sustain jurisdiction there must be complete
> diversity of citizenship between opposing
> parties, or put another way, no plaintiff
> may be a citizen of the same state as any
> defendant. <u>See</u> <u>Strawbridge v. Curtiss</u>,7 U.S.
> (3 Cranch) 267, 2 L.Ed 435 (1806); <u>Int'l</u>
> <u>Shipping Co. S.A. v. Hydra Offshore, Inc.</u>;
> 875 F.2d 388, 391 (2d Cir. 1989), <u>cert</u>
> <u>denied</u>, 493 U.S. 1003, 100 S.Ct. 563, 107
> L.Ed.2d 558 (1989). This rule applies where
> aliens appear on both sides of a case.
> [Citations omitted.]"

3

28 U.S.C. §1332(c) pertaining to the treatment of corporations, by analogy, provides that:

> (c) For purposes of this section . . .
>
> (1) a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . ."

28 U.S.C. §1332(c), thus, confers upon a corporation a de facto dual citizenship.

In the situation of corporate dual citizenship, if any adverse party shares either of the corporation's potential dual citizenship, diversity jurisdiction is destroyed, R.G. Barry Corp. v. Mushroom Makers, Inc., 612 F.2d 651, 654 (2d Cir. 1979). This Court has expressly held that §1332(c) applies to foreign corporations as well as to domestic corporations. In re Balfour MacLaine International, Ltd., 85 F.3rd 68, 76(2d Cir. 1996) (Dictum). Clifford Corp., N.V. v. Ingber,713, F.Supp. 575(S.D.N.Y. 1989). Such dual citizenship must be complete consisting of no overlap between each party with respect to the corporation's dual citizenship.[3] The parties do not have the option to aver only one basis of a corporation's citizenship in order to establish diversity jurisdiction. Hercules Inc. v. Dynamic Export Corp., 71 F.R.D. 101, 106-107 (S.D.N.Y. 1976):

---

[3]The dual or multiple citizenship for partnerships and unincorporated associates is also the rule. Murphy v. Gutfreund 624 F.Supp. 444 at 447 (S.D.N.Y. 1985). See footnote 1, p.1, supra, with the same standard of completeness.

> "[§1332(c) . . . cannot be read to deem such a corporation a citizen of either the jurisdiction in which it is incorporated or the state in which it has its principal place of business, whichever it may choose. The statute creates a principal of dual citizenship, not one of alternative citizenship."

The analogy with respect to §1332(c) pertaining to a corporation's dual citizenship and the jurisdictional requisite of its completeness has been consistently extended to individuals with the same rules of application as for corporations. Thus, 28 U.S.C. §1332(a)(2) does not allow an American citizen with dual citizenship the option to assert his or her alienage in order to confer a federal court with diversity jurisdiction, Gefen v. Upjohn Company, 893 F.Supp. 471, 473 (E.D. Pa, 1995), even when the U.S. citizen has a domicile outside of the United States, or to destroy diversity as a defendant when the alien plaintiffs do not share the defendant's foreign citizenship. Action S.A. v. Rich, 951 F.2d 504 (2d Cir. 1991).

Defendant does not assert, as Plaintiffs would have this Court believe[4], the general proposition that U.S. citizens with dual citizenship cannot be sued in federal court under diversity jurisdiction just because a party on the other side is an alien. This is not the law. Action S.A. v. Rich, supra. The diversity in the case at bar is destroyed by the fact that defendant Marra is also a citizen of Italy, the same citizenship of the Plaintiffs.

---

[4]See page 3 of Memorandum of Law In Support of Plaintiffs' Opposition To Defendants' Motion to Dismiss For Lack of Subject Matter Jurisdiction.

In <u>Action S.A. v. Rich</u>, <u>supra</u>, Marc Rich was a citizen both of Spain and the United States. He was sued by two foreign corporations in the federal court in New York. The record in <u>Action S.A. v. Rich</u>, <u>supra</u>, does not indicate that the foreign corporations were either incorporated or had their principal places of business in Spain, and thus, unlike the case at bar, did not share the same citizenship with Rich. Since Rich was found to retain his United States citizenship and no finding was made as to his change of domicile from New York, the Second Circuit found that Rich's argument that he generally was "a foreign national for purposes of diversity" was irrelevant and that his American citizenship was held appropriate for determining diversity.

The quotation from <u>Sadat v. Mertes</u>, <u>supra</u>, cited in <u>Action S.A. v. Rich</u>, <u>supra</u> at 507, for upholding diversity jurisdiction that "only the American nationality of the dual citizen should be recognized under U.S.C. §1332(a)" is <u>dictum</u> with respect to a finding that diversity has not been destroyed, since the Court in <u>Sadat</u> held Sadat's American citizenship destroyed diversity causing subject matter jurisdiction to be lacking. Nor does such language as used in <u>Rich</u> have the force of a holding for the case at bar, since the plaintiffs and defendant in <u>Rich</u> did not share foreign citizenship in the same nation.

Sadat was attempting to have his U.S. citizenship disregarded by trying only to assert his Egyptian citizenship as dominant. Consistent with <u>Hercules, Inc. v. Dynamic Export Corp.</u>,

6

supra, pertaining to de facto dual citizenship of corporations, Sadat
did not have the option of averring only his foreign citizenship in
disregard to his American citizenship in order to claim diversity
citizenship.  The Sadat court, however, posed the issue more broadly
stating:

> "Thus, the issue squarely presented to this
> Court is whether a person possessing dual
> nationality, one of which is United States
> citizenship, is 'a citizen or subject of a
> foreign state' under 28 U.S.C. §1332(a)(2)"
> Id. at 1184.

The Sadat court was able to pose this broader proposition because, at
the time of the Sadat decision, 1980, as the Court noted:

> "The United States does not recognize officially,
> or approve of dual nationality." Id at 1184.

The Sadat court's concern also, as is the same today, was:

> "The rule proposed by Plaintiff would give
> naturalized citizens unlimited access to the
> federal courts, access which has been denied
> to native-born citizens." Id. at 1185-1186.

Sadat's attempt, as a naturalized U.S. citizen, to assert his alienage
for purpose of §1332(a)(2) jurisdiction was rejected based upon the
same  principle  that  Marra's  and  the  Plaintiffs'  shared  Italian
citizenship destroys diversity:

> "The  result  is  inconsistent  with  the
> complete diversity rule of Strawbridge v.
> Curtiss, . . . including  the  analogous
> situation of a suit between a citizen of
> State A and a corporation charted in State
> B with its principle place of business in
> State A.   Both state citizenships of the
> corporation must be considered and diversity
> is thus found lacking." Id. at 1186.

7

In Sadat, the court importantly declined to set down an ironclad and all encompassing rule on the application of dual citizenship noting instead:

> "Because of the wide variety of situations in which dual nationality can arise, . . ., perhaps no single rule can be controlling. Principles establishing the responsibility of nations under international law with respect to actions affecting dual nationals, however, suggest by analogy that ordinarily, as the district court held, only the American nationality of the dual citizen should be recognized under 28 U.S.C. §1332(a)" Emphasis added. Id. at 1186.

The big word is "ordinarily". Ordinarily, a U.S. citizen with dual citizenship cannot elect to assert his or her foreign citizenship to create diversity when the U.S. citizenship would otherwise destroy diversity. Gefen v. Upjohn Company, supra. Ordinarily, a U.S. citizen, with dual Spanish citizenship as Marc Rich, cannot invoke his Spanish citizenship to destroy diversity due to the fact that foreign corporations not of Spanish citizenship are parties on the other side.

But it is not "ordinary" when foreign parties of the same national citizenship as the defendant, involving transactions primarily in Italy, sue him in federal court and then assert that complete diversity still exists and that defendant's Italian citizenship should be disregarded.

Also, since the 1980 Sadat opinion of the 7th Circuit, Congress has codified aspects of judicial decisions upholding the efficacy of dual citizenship for U.S. citizens. Since 1967, the U.S.

8

Supreme Court restricted the right of Congress forceability to cause the loss of U.S. citizenship. <u>Afroyim v. Rusk</u>, 387 U.S. 253 (1967). (Right of U.S. citizen with dual citizenship to vote in another country.) In <u>Vance v. Terrazas</u>, 444 U.S. 252 (1980), judicial pro-tection for U.S. citizens' ability to exercise rights with a dual nationality was further strengthened. Since 1986, Congress codified the rulings of the U.S. Supreme Court by the amendment to the Immigration and Naturalization Act providing that an American citizen cannot renounce one's U.S. citizenship without first, not only acquiring a foreign dual citizenship, but then filling out a specific consular form at a U.S. consulate outside the United States renouncing U.S. citizenship.  349(a)(1) of the Immigration and Nationality Act and 8 U.S.C.A. §1481(a)(5).  Thus, since the United States now protects dual citizenship of its citizens by Congressional enactment, much of the <u>Sadat</u> language which the <u>Sadat</u> court, itself, said was not "controlling" has even less efficacy.

<u>**CONCLUSION**</u>

The case at bar is one of those instances where the Defendant's dual American/Italian citizenship destroys complete diversity, since the parties on the other side are also Italian citizens.  Defendants' motion to dismiss for lack of subject matter

9

jurisdiction, therefore, should be granted.


Dated: New York, New York
       December 21, 2007

                                    Respectfully Submitted,
                                    KAYSER & REDFERN, LLP

                                    By:_____/s/_____
                                    LEO KAYSER, III (LK 3550)
                                    Attorneys for Defendants
                                    515 Madison Avenue, 30th Fl.
                                    New York, NY 10022
                                    212-935-5057

TO:
FRANCESCO DI PIETRO (FD 6383)
WUERSCH & GERING, LLP
100 Wall Street, 21st Fl.
New York, NY 10005
212-509-4716