UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

MARIA MARGHERITA PERACCHINO and
MEDIAPRESS S.R.L.,

           Plaintiffs,

    -v-                                                No. 07 Civ. 3257 (LTS)

VINCENZO MARRA,

           Defendant.

-------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JAN 2 5 2008

## ORDER

On April 23, 2007, Plaintiffs Maria Margherita Peracchino and Mediapress S.R.L. ("Plaintiffs") filed a complaint in connection with the above-captioned action, asserting diversity as the sole basis for the Court's subject-matter jurisdiction of this action. See 28 U.S.C. § 1332. On July 12, 2007, Defendant Vincenzo Marra ("Defendant" or "Marra")[1] filed a motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Docket Entry No. 9.) Plaintiffs filed their opposition on August 16, 2007 (Docket Entry No. 13), and Defendant followed with a reply on September 12, 2007, wherein Defendant asserted for the first time that this Court lacked subject-matter jurisdiction over this action due to lack of diversity. (Docket Entry No. 21.) Plaintiffs disputed this argument in a sur-reply submitted on September 14, 2007. (Docket Entry No. 23.) At the initial pre-trial conference on December 3, 2007, in order to provide ample opportunity for the parties to address the issue of subject-matter jurisdiction, the Court set a schedule for the

---

[1] Plaintiffs originally filed this action against Marra and a "John Doe" Company. Counsel for Defendants filed the motion to dismiss on behalf of both parties, but Plaintiffs later voluntarily dismissed their claims as to the John Doe Company. (Docket Entry No. 26.) Therefore, for the sake of simplicity, the Court attributes Defendants' various filings solely to Defendant Marra.

parties to file supplemental materials. Plaintiffs submitted their supplemental brief on December 17, 2007, (Docket Entry No. 27), and Defendants filed a response on December 21, 2007. (Docket Entry No. 28.)

The Court construes Defendant's filings to include a motion to dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. For the following reasons, Defendant's motion is granted.

The federal statute establishing diversity jurisdiction provides, in relevant part: "(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . (2) citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2) (West 2006). The question of whether federal diversity jurisdiction exists is determined by examining the citizenship of the parties at the time the action is commenced. Linardos v. Fortuna, 157 F.3d 945, 947 (2d Cir. 1998). The parties do not dispute that the matter in controversy exceeds the sum or value of $75,000, nor do the parties dispute that Plaintiffs were citizens of Italy for diversity purposes. Because Plaintiffs were therefore citizens "of a foreign state" under the statute, diversity jurisdiction can exist for this particular case only if Defendant Marra was a "citizen of a State" at the time this suit was filed. For purposes of diversity jurisdiction, whether a party is a citizen of a state depends upon his place of domicile; that is, where the party lives and intends to remain indefinitely. Id. at 948. Plaintiffs assert that Defendant was a domiciliary of New York at the time the instant action was filed, while Defendant asserts that he was a domiciliary of Italy.

It is well established that "the party seeking to invoke jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete." Herrick Co., Inc. v. SCS Comme'ns, Inc., 251 F.3d 315, 323 (2d Cir. 2001) (quoting

Advani Enter., Inc. v. Underwriters at Lloyds, 140 F.3d 157, 160 (2d Cir. 1998)). "That party must allege a proper basis for jurisdiction in his pleadings and must support those allegations with 'competent proof' if a party opposing jurisdiction properly challenges those allegations." Linardos, 157 F.3d at 947. Plaintiffs have failed to carry this burden.

Defendant, in connection with his September 2007 brief, submitted an affidavit, signed by Marra, wherein he asserts that he has lived at a particular address in Italy all of his life, and that he considers his home in Italy to be his domicile. (Marra Aff. dated Aug. 24, 2007, ¶ 3.) Marra avers that, in the three years prior to his execution of the affidavit, his wife and daughter had spent about ninety percent of their time at the Italian address, and that he himself spent at least fifty percent of his time at his home in Italy. (Id.) Plaintiffs did not proffer any evidence in response, either in their sur-reply, at the initial pre-trial conference, or in their subsequent supplemental brief. Plaintiffs attack the weight and credibility of Defendant's evidence, but it is not ultimately Defendant's burden to demonstrate grounds for diversity. See Herrick, 251 F.3d at 324 ("This evidence (involving, as it does, allegations of residence only and not domicile) might not be enough to establish lack of diversity were the burden of persuasion to lie with [defendants]. But . . . the burden of establishing diversity remains with [plaintiff] . . ."); see also id. at 323 (dismissing action for lack of diversity wherein party asserting diversity failed to proffer "any evidence overcoming or even countervailing" opponent's proffers).

For the foregoing reasons, Defendant's motion to dismiss the action for lack of subject-matter jurisdiction is granted, and accordingly, any outstanding motions are moot. The Clerk of Court is respectfully requested to terminate Docket Entry No. 9, enter judgment dismissing the

action for lack of subject-matter jurisdiction, and close this case.

        SO ORDERED.

Dated:        New York, New York
                January 24, 2008

                                            LAURA TAYLOR SWAIN
                                            United States District Judge