USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/29/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

MARIA MARGHERITA PERACCHINO and
MEDIAPRESS S.R.L.,

        Plaintiffs,

-v-                                       No. 07 Civ. 3257 (LTS)

VINCENZO MARRA,

        Defendant.

-------------------------------------------------------x

### ORDER

On January 25, 2008, the Court entered an order dismissing the action, having construed Defendant's most recent briefs as a motion to dismiss the complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject-matter jurisdiction. (Docket Entry No. 31.) In that order the Court held that, based on the record before it, Plaintiffs had failed to carry their burden of demonstrating the existence of diversity jurisdiction.

Immediately following the entry of the order, Plaintiffs submitted a letter to the Court explaining that they had construed the Court's direction for additional briefing on the diversity jurisdiction issue as pertaining only to legal questions regarding the significant of dual citizenship. Plaintiffs further proffered that they have obtained evidence that Defendant's domicile was in New York at the time of filing, and attached various certificates and other documentation in Italian (with a further representation that they would be translated) appearing to indicate that Italian government records have, since 1993, shown that Defendant resides in New York. In light of the apparent misunderstanding and Plaintiffs' evidentiary proffers as to Defendant's domicile, the Court hereby vacates its January 25, 2008, order and the judgment that was entered thereon.

The Court has nonetheless considered thoroughly the legal arguments addressed in the parties' supplemental briefs, and will at this juncture address Defendant's argument that, based on the undisputed facts of Plaintiffs' Italian citizenship and Defendant's dual Italian and American citizenship, the action must be dismissed for lack of diversity jurisdiction.[1] Defendant's argument must be rejected because it fails to recognize that state (as opposed to national) citizenship is determinative of the existence of subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(2) (providing for jurisdiction of certain actions between "citizens of a State and citizens or subjects of a foreign state."). "Citizenship" for the purposes of determining whether one is a "citizen of a State" under 28 U.S.C. § 1332 depends upon domicile. Linardos v. Fortuna, 157 F.3d 945, 947 (2d Cir. 1998). Even if Marra is a national citizen of Italy as well as a U.S. national, Marra may still be a domiciliary of New York, and therefore "a citizen of a State" for diversity purposes. Plaintiffs' proffer of the Italian government records indicates the existence of a genuine issue of material fact regarding Defendant's domicile. Accordingly, the Court finds that further evidentiary proceedings are warranted.

For the foregoing reasons, the Court hereby vacates and withdraws its January 25, 2008, order, as well as the Clerk's judgment entered in connection with that order. (Docket Entries Nos. 31 and 32.) The Clerk of Court is respectfully requested to re-open this case and to restore

---

[1] Although Plaintiffs construed the supplemental briefing as addressing Defendant's legal argument that Marra's dual citizenship destroys diversity, Defendant asserted that diversity is destroyed because Marra shares the same national citizenship as Plaintiffs, who are undisputedly national citizens of Italy. (See Def.'s Br. dated Dec. 21, 2007, at 5 ("Defendant does not assert, as Plaintiffs would have this Court believe, the general proposition that U.S. citizens with dual citizenship cannot be sued in federal court under diversity jurisdiction just because a party on the other side is an alien. . . . The diversity in the case at bar is destroyed by the fact that defendant Marra is also a citizen of Italy, the same citizenship of the Plaintiffs.").) Either way, Defendant's argument is premised on the status of Marra's national citizenship being that of Italy.

Docket Entry No. 9 to pending motion status. Defendant's motion to dismiss the complaint (Docket Entry No. 9) is hereby denied insofar as it is premised solely on Defendant's dual citizenship, and remains under advisement in all other respects pending further proceedings. The parties shall appear for a conference before the Court on **February 1, 2008**, at **11:00 a.m.**

       SO ORDERED.

Dated:       New York, New York
               January 28, 2008

                                              LAURA TAYLOR SWAIN
                                              United States District Judge