USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: MAR 1 7 2008

100 Wall Street, 21st Floor
New York, NY 10005
Tel. 212-509-5050
Fax 212-509-9559

**WUERSCH & GERING** LLP
ATTORNEYS AT LAW

March 17, 2008

**MEMO ENDORSED**

Via Telefax: (212) 805-0426

The Honorable Laura Taylor Swain
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 755
New York, NY 10007

> Re: Maria Margherita Peracchino *et al.* v. Vincenzo Marra *et al.*
> United States District Court, Southern District of New York
> 07-CV-3257 (LTS)
> Our File: 11023-2

Dear Honorable Judge:

We are attorneys for Maria Margherita Peracchino and MediaPress S.r.l., the plaintiffs in the above-referenced action.

On April 16, 2008, this Honorable Court will hold an evidentiary hearing on the issue of defendant Vincenzo Marra's domicile in connection with defendant's motion to dismiss for lack of subject matter jurisdiction. In furtherance of the April 16 hearing, plaintiffs served defendant with requests for documents. Defendant objected to several requests for documents made by plaintiffs, including requests for documents which are relevant to the issue of domicile and which were even cited in defendant's motion to dismiss for lack of subject matter jurisdiction, on the basis of confidentiality.

Defendant proposed that plaintiff execute a confidentiality agreement before production of the documents requested by the plaintiffs. Plaintiffs accepted the idea of executing a confidentiality agreement.

Defendant drafted the confidentiality agreement and insisted that plaintiffs execute a blanket confidentiality agreement which would cover all documents, including documents which may be requested in the future, which defendant at his sole discretion deems to be confidential. The confidentiality agreement proposed by defendant would cover even documents which are not of confidential nature. Under the confidentiality agreement proposed by defendant, plaintiffs' counsel would not be able to show the documents to plaintiffs' expert witness who is supposed to testify as to defendant's domicile.

The confidentiality agreement proposed by Defendant was extensively negotiated for approximately two weeks during which, in order to accommodate defendant, plaintiffs compromised and agreed to several clauses. During the course of negotiations, defendant also agreed to changes proposed by the plaintiffs.

At the time that the confidentiality agreement was to be finalized and signed (March 14, 2008), when only a few items of the confidentiality agreement remained to be negotiated and finalized, defendant indicated that he had "reconsidered" the changes defendant had previously accepted in writing and proposed additional or new items with respect to the previous version of the confidentiality agreement.

The confidentiality agreement proposed by defendant is overreaching and it is not being negotiated in good faith by the defendant. In particular, first, defendant should identify those documents which he believes are confidential. Only documents which are of confidential nature should be subject to the confidentiality agreement. Second, plaintiffs' counsel should be able to disclose to and discuss with plaintiffs' expert witness all documents produced by defendant. Third, in the event that the documents produced by defendant contain information which contradicts or is inconsistent with documentation or information that the plaintiffs may already have, plaintiffs' counsel should be able to disclose to and discuss with the plaintiffs such documents. Fourth, defendant accepted in writing that, in the event of disclosure of confidential documents, defendant would seek appropriate relief "for the retrieval of the documents disclosed;" on March 14, defendant "reconsidered" what he accepted in writing and now proposes that plaintiffs' counsel be subject to "any" relief defendant may seek. Fifth, defendant insists that if a given document is produced and later on defendant claims that the document is privileged, plaintiffs must return the document to the defendant upon defendant's request to plaintiffs; this is unacceptable in that it would expose plaintiffs to whimsical requests by defendant to have documents returned at any time. Sixth, defendant also accepted in writing that the confidentiality agreement should not apply to information and documents which are of public nature and/or which were already in plaintiffs' possession; defendant also reconsidered this clause. Seventh, it is defendant who should apply to have confidential documents used "under seal" at the hearing; instead, defendant insists that plaintiffs should apply for use under seal in connection with documents that defendant considers confidential.

Plaintiffs believe that similar matters should be resolved by counsel and without the intervention of the Court. Plaintiffs used their best effort to expedite discovery and accommodate Defendant. However, plaintiffs find it very difficult to negotiate with defendant given the fact that defendant keeps changing his position. At this point, and given the time constraints, plaintiffs believe that the intervention of this Court is necessary to resolve the dispute.

Plaintiffs respectfully request that this Court hold a conference, even by telephone, at its earliest convenience and further request that this Court put in place a procedure for production of the documents requested by the plaintiffs. In the alternative, plaintiffs respectfully request that the hearing, presently scheduled to take place on April 16, be adjourned to a later date to allow plaintiffs to file a motion to compel production of the documents.

2

In the meantime, the deposition of defendant is scheduled to take place on March 18, 2008, subject to confirmation by the parties. Plaintiffs informed defendant's counsel that they will not depose defendant until the documents have been produced.

We thank the Court for its attention to this matter.

Respectfully submitted,
Wuersch & Gering LLP

Francesco Di Pietro

CC: <u>Via Telefax: (212) 935-6424</u>

Leo Kayser III, Esq.
Kayser & Redfern, LLP
Attorneys for Defendants
515 Madison Avenue, 30th Floor
New York, NY 10022

> The parties are directed to take these issues up with Magistrate Judge Pitman, to whom the above-described discovery dispute (and any related discovery disputes in connection with the evidentiary hearing) is now referred.
>
> SO ORDERED.
>
> 3/17/08
> LAURA TAYLOR SWAIN
> UNITED STATES DISTRICT JUDGE

3